IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. AMATRONE,

    Plaintiff,                             No. CIV S-08-1831 MCE DAD PS

    vs.

STEVE MESSINA, et al.,

                                  ORDER

    Defendants.

_____/

        Plaintiff is proceeding pro se with a civil rights complaint that was filed in the Solano County Superior Court on May 19, 2008. Eight defendants, collectively referred to as the City defendants, removed the action to federal court on August 6, 2008.[1] Defendants' motion for more definite statement is before the undersigned pursuant to Local Rule 72-302(c)(21).

        On November 5, 2008, after plaintiff filed an unopposed request to reschedule the hearing of defendants' motion, the court determined that oral argument would not be of material assistance to the court in deciding defendants' motion and therefore vacated the hearing. See Local Rule 78-230(h). The court granted defendants additional time to file a reply to plaintiff's

---

[1] The City defendants are Steve Messina, Elizabeth Patterson, Bill Whitney, Mark Hughes, Allan Schwartzman, Heather McLaughlin, Damen Golubics, and the City of Benicia. On September 5, 2008, plaintiff voluntarily dismissed defendant Steve Ridge from this action.

1 timely opposition and deemed the motion submitted for decision upon the expiration of
2 defendants' time to file a reply.  Having considered all written materials submitted in connection
3 with defendants' motion, the court will deny the motion.

4 <u>LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION</u>

5 Federal Rule of Civil Procedure 12(e) "is designed to strike at unintelligibility,
6 rather than want of detail." <u>Woods v. Reno Commodities, Inc.</u>, 600 F. Supp. 574, 580 (D. Nev.
7 1984); <u>Nelson v. Quimby Island Reclamation Dist. Facilities Corp.</u>, 491 F. Supp. 1364, 1385
8 (N.D. Cal. 1980).  The rule permits a party to move for a more definite statement when a
9 pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R.
10 Civ. P. 12(e).  It is not the function of such a motion to enable the defendants to ascertain details
11 of the plaintiff's case or to require the plaintiff to provide evidentiary material that may properly
12 be obtained by discovery.  <u>See</u> <u>Comm. for Immigrant Rights of Sonoma County v. County of
13 Sonoma</u>, ___ F. Supp. 2d ___, ___, 2009 WL 2382689, at *7 (N.D. Cal. July 31, 2009); <u>Woods</u>,
14 600 F. Supp. at 580; <u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u>, 525 F. Supp. 940, 949 (E.D. Cal.
15 1981); <u>Boxall v. Sequoia Union High Sch. Dist.</u>, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

16 Motions for more definite statement must be considered in light of the liberal
17 pleading standards of the Federal Rules of Civil Procedure and "should be granted only where
18 the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being
19 asserted and 'literally cannot frame a responsive pleading.'" <u>Hubbs v. County of San
20 Bernardino, CA</u>, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008) (quoting <u>Bureerong v. Uvawas</u>,
21 922 F. Supp. 1450, 1461 (C.D. Cal. 1996)).  <u>See</u> also <u>Comm. for Immigrant Rights of Sonoma
22 County</u>, 2009 WL 2382689, at *7 (holding that a motion for more definite statement is proper
23 only where the complaint is so vague or ambiguous that the opposing party cannot respond even
24 with a simple denial).  A motion for more definite statement should be denied if a pleading meets
25 federal standards by providing a short and plain statement of the claim showing that the pleader
26 may be entitled to relief.  <u>See</u> Fed. R. Civ. P. 8(a)(2).

ANALYSIS

Here, defendants point to the caption of plaintiff's complaint, which indicates that the pleading alleges civil rights violations, civil liberty violations, discrimination, and collusion, and argue that "nowhere in the Complaint are the individual causes of action, or the actual facts in support thereof, articulated by Plaintiff." (Defs.' Mot. for More Definite Statement at 2.) Defendants contend that plaintiff's pleading is too vague and ambiguous to allow them "to realistically understand the complaints against them in order to formulate the necessary defenses, assert the appropriate affirmative defenses, or submit a dispositive motion." (Id.) Defendants request that the court require plaintiff to file an amended complaint that presents a more definite statement of his claims.

Plaintiff's complaint includes a copy of an administrative claim he filed against the City of Benicia on May 14, 2008 and a declaration by areal estate agent. Plaintiff alleges as follows: on May 7, 2007 he made inquiries into opening an adult entertainment business in an industrial park area of Benicia; he hired a real estate agent to research city ordinances and zoning requirements and to make inquiries on his behalf; the inquiry was mishandled by city council members, the mayor, the city attorney, and the planning department, which deprived plaintiff of his basic civil rights and discriminated against him; at the time of the inquiry, there were no restrictions that would have prevented him from opening an upscale, non-alcohol-serving gentlemen's club in the industrial park area; his real estate agent contacted the planning office and was eventually directed to defendant Golubics, who provided plaintiff's agent with information about the application process and the application form but then went to the mayor, the city attorney, the city council members, and the media about plaintiff's inquiry; the actions of the defendants undermined the application process, which required an applicant to obtain and present to the planning department for review a signed lease with the building owner's consent to the intended use, after which a public hearing could be requested; the defendants called an emergency meeting for the purpose of placing a moratorium against plaintiff's club before he

could meet any of those requirements, thereby blocking him from opening his business and violating his First and Fourteenth Amendments; plaintiff was also damaged by the collusion, prior to the emergency city council meeting, between defendant Hughes (a city council member) and the real estate broker whose agent was working for plaintiff; the media leak placed undue influence on the city council members to deprive plaintiff of his rights.  (Compl. at 1-4.)  Plaintiff seeks damages for the delay in opening his business, including lost revenue and profit, and for other personal and financial harm.  (Id. at 5.)  He seeks reversal of any ordinances that were put in place during the unlawful moratorium and seeks to move forward with his business.  (Id.)

Upon consideration of the pro se complaint, the court finds that the pleading is not so vague and ambiguous that defendants cannot understand plaintiff's claims against them in order to formulate their defenses, assert appropriate affirmative defenses, or file appropriate motions.  Plaintiff's pleading is not so vague that defendants cannot reasonably be required to frame a responsive pleading.

## CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendants' motion for more definite statement (Doc. No. 13) is denied; and

2. Defendants' answer shall be filed in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

DATED: August 31, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\amatrone1831.12emot.den